Jeffrey T. Bozman
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-5829
Facsimile: (202) 778-5829
jbozman@cov.com

Attorney for Defendant
Eli Lilly and Company

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| JANINE ALI,<br><br>            Plaintiff,<br><br>vs.<br><br>ELI LILLY AND COMPANY, an Indiana<br>corporation,<br><br>            Defendant. | 1:14-cv-01615-GBL-TRJ<br><br><br><br>**ANSWER TO PLAINTIFF'S**<br>**COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

        Defendant Eli Lilly and Company ("Lilly"), by and through its undersigned attorney,

hereby files its Answer and Defenses to Plaintiff's Complaint.

<u>**INTRODUCTION**</u>

        1.        Lilly admits that it manufactures, markets, and sells Cymbalta®, for use only

upon a prescription by a licensed physician, in accordance with applicable laws and regulations,

and for its approved indications with FDA-approved warnings, precautions and other labeled

risks and benefits of the medications. Lilly lacks knowledge or information sufficient to form a

belief as to the truth or accuracy of the remaining allegations in Paragraph 1 and therefore denies

the same.

## PARTIES

2.      Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 2 and therefore denies the same.

3.      Lilly admits that it is an Indiana corporation with its principal place of business in Indianapolis, Indiana.  Lilly also admits that it is engaged in the business of research, development, testing, manufacturing, producing, promoting, distributing, marketing, and selling prescription medications, including but not limited to Cymbalta®.  Lilly denies the remaining allegations in Paragraph 3.

## JURISDICTION AND VENUE

4.      Lilly admits that this Court has subject matter jurisdiction in the form of diversity jurisdiction.

5.      Lilly admits that it is authorized to conduct business and does conduct business in the Commonwealth of Virginia.  Lilly denies the remaining allegations on the basis that they purport to allege conclusions of law and thus do not require a response.

6.      Paragraph 6 of the Complaint purports to allege conclusions of law and thus does not require a response and on that basis Lilly denies the allegations.

7.      Paragraph 7 purports to allege conclusions of law and thus does not require a response and on that basis Lilly denies the allegations.

## FACTUAL ALLEGATIONS

8.      Paragraph 8 is vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegations.

9.      Lilly admits that it researched, tested, developed, manufactured, labeled, marketed and sold Prozac®, for use only upon a prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings, precautions, and other labeled risks and benefits of the medication.  Lilly admits that Prozac® is in the class of prescription medications known as selective serotonin reuptake inhibitors ("SSRIs"), but denies the relevance of the information.  Lilly admits that the United States Food and Drug Administration ("FDA") approved Prozac® in 1987 as a safe and effective medication

for the treatment of Major Depressive Disorder ("MDD").  Lilly admits that Prozac®'s patent

expired in August 2001.  Allegations pertaining to SSRIs as a class of antidepressants are vague

and ambiguous as to time, content, and context and on that basis, Lilly denies the allegations.

Lilly denies the remaining allegations in Paragraph 9.

10.     Lilly admits that Cymbalta® is a serotonin norepinephrine reuptake inhibitor

("SNRI").  Allegations pertaining to statements made about SNRIs are vague and ambiguous as

to time, content, and context and on that basis, Lilly denies the allegations.  Lilly denies the

remaining allegations in Paragraph 10.

11.     Lilly denies the allegations in Paragraph 11.

12.     Lilly admits that the FDA approved Cymbalta® in 2004 for the treatment of

Major Depressive Disorder ("MDD").  Lilly further admits that the FDA approved Cymbalta®

for the treatment of Generalized Anxiety Disorder ("GAD") in 2007 and fibromyalgia in 2008.

Lilly denies the remaining factual allegations in Paragraph 12.

13.     Lilly admits that the FDA approved Cymbalta® in 2004.  Lilly also admits that it

researched, tested, developed, manufactured, labeled, marketed, and sold Cymbalta®, for use

only upon a prescription by a licensed physician, in accordance with applicable laws and

regulations, and for its approved indications with FDA-approved warnings, precautions, and

other labeled risks and benefits of the medication.  Lilly further admits that it promoted

Cymbalta® to prescribers through its sales representatives.  The allegations pertaining to the

promotion of Cymbalta® utilizing Lilly sales representatives are vague and ambiguous as to

time, content, and context and on that basis, Lilly denies the allegations.  Lilly denies the

remaining allegations in Paragraph 13.

14.     Lilly denies the allegations in Paragraph 14.

15.     Lilly admits that the half-life of a drug is the time it takes for the concentration of

the drug in the body to be reduced by one-half.  Lilly further admits that, since 2004, the

Cymbalta label has stated that the half-life of Cymbalta is approximately 12 hours.  Lilly denies

the remaining allegations in Paragraph 15.

16.     Lilly admits that Paragraph 16 contains an accurate partial quotation from the 2004 Cymbalta label.  Lilly denies the remaining allegations in Paragraph 16 as characterized by Plaintiff.

17.     Lilly admits that the risk of discontinuation symptoms from antidepressant therapy was a well understood clinical phenomenon for decades prior to Cymbalta's approval and that the need for tapering off of antidepressant therapy was also well understood.  Lilly denies the remaining allegations in Paragraph 17.

18.     Lilly denies the allegations in Paragraph 18.  Answering further, Lilly notes that the cited articles speak for themselves.

19.     Lilly admits that Cymbalta is designed as delayed-release capsules at dosages of 20 mg, 30 mg, and 60 mg.  Lilly further admits that Cymbalta should be swallowed whole.  Lilly denies the remaining allegations in Paragraph 19.

20.     Lilly admits that the Cymbalta® label has included a warning on discontinuation symptoms since Cymbalta® was approved by the FDA in 2004.  Lilly admits that the Cymbalta® label contains the following "WARNINGS AND PRECAUTIONS" section regarding "Discontinuation of Treatment with Cymbalta®":

> Discontinuation symptoms have been systematically evaluated in patients taking duloxetine.  Following abrupt or tapered discontinuation in placebo-controlled clinical trials, the following symptoms occurred at 1% or greater and at a significantly higher rate in duloxetine-treated patients compared to those discontinuing from placebo: dizziness, headache, nausea, diarrhea, paresthesia, irritability, vomiting, insomnia, anxiety, hyperhidrosis, and fatigue. During marketing of other SSRIs and SNRIs (serotonin and norepinephrine reuptake inhibitors), there have been spontaneous reports of adverse events occurring upon discontinuation of these drugs, particularly when abrupt, including the following: dysphoric mood, irritability, agitation, dizziness, sensory disturbances (e.g., paresthesias such as electric shock sensations), anxiety, confusion, headache, lethargy, emotional lability, insomnia, hypomania, tinnitus, and seizures.  Although these events are generally self-limiting, some have been reported to be severe.
>
> Patients should be monitored for these symptoms when discontinuing treatment with Cymbalta®.  A gradual reduction in the dose rather than abrupt cessation is recommended whenever possible.  If intolerable symptoms occur following a decrease in the dose or upon discontinuation of treatment, then resuming the previously prescribed dose may be considered.  Subsequently, the

- 4 -

physician may continue decreasing the dose but at a more gradual
rate . . . .

Paragraph 20 is vague and ambiguous as to time, content, and context and on that basis, Lilly

denies the remaining allegations.

21.     The article cited speaks for itself, and Lilly denies any inaccurate characterization

or interpretation of the article to which Plaintiff refers in Paragraph 21 of the Complaint when

read in context and in its entirety.  Lilly denies the remaining allegations in Paragraph 21.

22.     Paragraph 22 is vague and ambiguous as to time, content, and context and on that

basis, Lilly denies the allegations.  Lilly denies the remaining allegations in Paragraph 22.

23.     Lilly denies the allegations in Paragraph 23.

24.     Lilly admits that Cymbalta is designed as delayed-release capsules at dosages of

20 mg, 30 mg, and 60 mg.  Lilly further admits that Cymbalta should be swallowed whole.  Lilly

denies the remaining allegations in Paragraph 24.

25.     Lilly denies the allegations in Paragraph 25.

26.     The allegations pertaining to the sales and profitability of Cymbalta are vague and

ambiguous as to time, content, and context and on that basis, Lilly denies the allegations.  Lilly

denies the remaining allegations in Paragraph 26 as characterized by Plaintiff.

27.     Lilly denies the allegations in Paragraph 27.

28.     Lilly denies the allegations in Paragraph 28.

29.     Lilly denies the allegations in Paragraph 29.

30.     Paragraph 30 purports to allege conclusions of law and on that basis Lilly denies

the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to

the truth or accuracy of the allegations in Paragraph 30 relating to Plaintiff's use of Cymbalta

and therefore denies the same.

31.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or

accuracy of the allegations in Paragraph 31 pertaining to Plaintiff's Cymbalta prescription and

therefore denies the same.  Lilly denies the remaining allegations in Paragraph 31.

1     32.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or

2    accuracy of the allegations in Paragraph 32 and therefore denies the same.

3     33.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or

4    accuracy of the allegations in Paragraph 33 pertaining to Plaintiff's alleged discontinuation

5    symptoms.  Lilly denies the remaining allegations in Paragraph 33.

6     34.     Lilly denies the allegations in Paragraph 34.

7     35.     Lilly denies the allegations in Paragraph 35.

8     36.     Paragraph 36 (a) - (e) purports to allege conclusions of law that do not require a

9    response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or

10    information sufficient to form a belief as to the truth or accuracy of the allegations relating to

11    Plaintiff's alleged injuries and therefore denies the same.

12                  **FIRST CAUSE OF ACTION**

13                        **NEGLIGENCE**

14     37.     Lilly reincorporates and realleges its Responses to Paragraphs 1-36 of Plaintiff's

15    Complaint as if fully set forth herein.

16     38.     Paragraph 38 purports to allege conclusions of law that do not require a response

17    and on that basis Lilly denies the allegations.  Lilly further denies it had a duty to warn

18    consumers directly of alleged risks associated with the use of Cymbalta.

19     39.     Paragraph 39 purports to allege conclusions of law that do not require a response

20    and on that basis Lilly denies the allegations.  Lilly denies the remaining factual allegations in

21    Paragraph 39.

22     40.     Paragraph 40 purports to allege conclusions of law that do not require a response

23    and on that basis Lilly denies the allegations.  Lilly further denies the remaining factual

24    allegations in Paragraph 40.

25     41.     Lilly denies the allegations in Paragraph 41.  Moreover, Lilly lacks knowledge or

26    information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph

27    41 relating to Plaintiff's alleged injuries and therefore denies the same.

28

1    42.    Paragraph 42 purports to allege conclusions of law that do not require a response

2 and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information

3 sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 42 relating to

4 Plaintiff's alleged injuries and therefore denies the same.

5    43.    Lilly denies the allegations in Paragraph 43, except that Lilly admits only that

6 Plaintiff seeks the relief set forth in Paragraph 43.  Lilly denies that Plaintiff is entitled to any

7 such relief.

## SECOND CAUSE OF ACTION

## DESIGN DEFECT

10    44.    Lilly reincorporates and realleges its Responses to Paragraphs 1-43 of Plaintiff's

11 Complaint as if fully set forth herein.

12    45.    Lilly admits that it has sold Cymbalta in the Commonwealth of Virginia.

13 Paragraph 45 is vague and ambiguous as to time and on that basis, Lilly denies the remaining

14 allegations.

15    46.    Lilly admits that it researched, tested, developed, manufactured, labeled,

16 marketed, promoted, and sold Cymbalta, for use only upon a prescription by a licensed

17 physician, in accordance with applicable laws and regulations, and for its approved indications

18 with FDA-approved warnings, precautions, and other labeled risks and benefits of the

19 medication.  The remaining allegations pertaining to Lilly's "product" are vague and ambiguous

20 as to time, content, and context, and on that basis, Lilly denies the allegations.  Lilly lacks

21 knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations

22 and legal conclusions in Paragraph 46  relating to Plaintiff's alleged injuries from Cymbalta and

23 therefore denies the same.  Lilly denies the remaining allegations in Paragraph 46.

24    47.    Lilly denies the allegations in Paragraph 47.

25    48.    Lilly denies the allegations in Paragraph 48.

26    49.    Lilly denies the allegations in Paragraph 49.

27    50.    Paragraph 50 purports to allege conclusions of law that do not require a response

28 and on that basis Lilly denies the allegations.  Moreover, the allegations in Paragraph 50 are

vague and ambiguous as to time, content, and context, and on that basis, Lilly denies the allegations.

51. Paragraph 51 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 51 relating to Plaintiff's alleged injuries and therefore denies the same.

52. Lilly denies the allegations in Paragraph 52, except that Lilly admits only that Plaintiff seeks the relief set forth in Paragraph 52. Lilly denies that Plaintiff is entitled to any such relief.

### <u>THIRD CAUSE OF ACTION</u>

### <u>FAILURE TO WARN</u>

53. Lilly reincorporates and realleges its Responses to Paragraphs 1-52 of Plaintiff's Complaint as if fully set forth herein.

54. Lilly admits that it researched, tested, developed, manufactured, labeled, distributed, marketed, promoted, and sold Cymbalta®, for use only upon a prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings, precautions, and other labeled risks and benefits of the medication. Lilly further admits that it has utilized direct-to-consumer advertising for Cymbalta®, in conformity with applicable rules and regulations. Lilly objects to the term "persons responsible for consumers" as vague and ambiguous and on that basis denies the allegation. Paragraph 54 further purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Lilly denies the remaining allegations in Paragraph 54.

55. Paragraph 55 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.

56. Plaintiff's allegation pertaining to "exclusive control" is vague and ambiguous as to time, content, and context and on that basis, Lilly denies the allegation. Lilly denies the remaining allegations in Paragraph 56.

1    57.    Lilly denies the allegations in Paragraph 57.

2    58.    Paragraph 58 purports to allege conclusions of law that do not require a response

3 and on that basis Lilly denies the allegations.  Lilly denies the remaining allegations in Paragraph

4 58.

5    59.    Lilly denies the allegations in Paragraph 59.

6    60.    Lilly lacks knowledge or information sufficient to form a belief as to the truth or

7 accuracy of the allegations in Paragraph 60 relating to Plaintiff's alleged use of Cymbalta® and

8 therefore denies the same.

9    61.    Lilly lacks knowledge or information sufficient to form a belief as to the truth or

10 accuracy of the allegations relating to Plaintiff or Plaintiff's physician's ability to discover any

11 alleged "defect in the drug" and therefore denies the same.  Lilly denies any remaining

12 allegations in Paragraph 61.

13    62.    Lilly admits that it is engaged in the business of researching, developing, testing,

14 manufacturing, promoting, distributing, marketing, and selling prescription medications,

15 including but not limited to Cymbalta®.  Paragraph 62 purports to allege conclusions of law that

16 do not require a response and on that basis, Lilly denies the allegations.  Lilly denies the

17 remaining factual allegations in Paragraph 62.

18    63.    Lilly lacks knowledge or information sufficient to form a belief as to the truth or

19 accuracy of the allegations in Paragraph 63 relating to Plaintiff's knowledge and therefore denies

20 the same.  Lilly denies the remaining allegations in Paragraph 63.

21    64.    Paragraph 64 purports to allege conclusions of law that do not require a response

22 and on that basis Lilly denies the allegations.  Lilly denies the remaining factual allegations in

23 Paragraph 64.

24    65.    Lilly denies the allegations in Paragraph 65.

25    66.    Lilly denies the allegations in Paragraph 66.

26    67.    Paragraph 67 purports to allege conclusions of law that do not require a response

27 and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information

28

sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 67 relating to Plaintiff's alleged injuries and therefore denies the same.

68.     Lilly denies the allegations in Paragraph 68, except that Lilly admits only that Plaintiff seeks the relief set forth in Paragraph 68.  Lilly denies that Plaintiff is entitled to any such relief.

### FOURTH CAUSE OF ACTION

### CONSTRUCTIVE FRAUD

69.     Lilly reincorporates and realleges its Responses to Paragraphs 1-68 of Plaintiff's Complaint as if fully set forth herein.

70.     Paragraph 70  purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.

71.     Lilly denies the allegations in Paragraph 71.

72.     Paragraph 72 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly denies the remaining factual allegations.

73.     Lilly denies the allegations in Paragraph 73.

74.     Lilly denies the allegations in Paragraph 74.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 74 relating to Plaintiff and/or her physicians' alleged actions, knowledge, beliefs, and injuries and therefore denies the same.

75.     Paragraph 75 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 75 and therefore denies the same.

76.     Paragraph 76 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 76 relating to Plaintiff's alleged injuries and therefore denies the same.

1      77.    Lilly denies the allegations in Paragraph 77, except that Lilly admits only that

2  Plaintiff seeks the relief set forth in Paragraph 77.  Lilly denies that Plaintiff is entitled to any

3  such relief.

4                          **FIFTH CAUSE OF ACTION**

5                              **ACTUAL FRAUD**

6      78.    Lilly reincorporates and realleges its Responses to Paragraphs 1-77 of Plaintiff's

7  Complaint as if fully set forth herein.

8      79.    Paragraph 79 purports to allege conclusions of law that do not require a response

9  and on that basis Lilly denies the allegations.  Answering further, Lilly notes that the text of

10  *Wyeth v. Levine*, 555 U.S. 555, 571 (2009), speaks for itself.

11      80.    Lilly denies the allegations in Paragraph 80.

12      81.    Lilly denies the allegations in Paragraph 81.

13      82.    Lilly denies the allegations in Paragraph 82 (a) - (i).

14      83.    Lilly denies the allegations in Paragraph 83.

15      84.    Paragraph 84 purports to allege conclusions of law that do not require a response

16  and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information

17  sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 84 and

18  therefore denies the same.

19      85.    Paragraph 85 purports to allege conclusions of law that do not require a response

20  and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information

21  sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 85 and

22  therefore denies the same.

23      86.    Lilly denies the allegations in Paragraph 86.

24      87.    Paragraph 87 purports to allege conclusions of law that do not require a response

25  and on that basis Lilly denies the allegations.

26      88.    Lilly denies the allegations in Paragraph 88.

27

28

89.     Paragraph 89 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly further denies the remaining allegations in Paragraph 89.

90.     Paragraph 90 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly denies the remaining allegations in Paragraph 90, except that Lilly admits only that Plaintiff seeks the relief set forth in Paragraph 90.  Lilly denies that Plaintiff is entitled to any such relief.

91.     Paragraph 91 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 91 relating to Plaintiff's alleged injuries and therefore denies the same.

## SIXTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY

92.     Lilly reincorporates and realleges its Responses to Paragraphs 1-91 of Plaintiff's Complaint as if fully set forth herein.

93.     Lilly denies the allegations in Paragraph 93.

94.     Paragraph 94 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 94 relating to Plaintiff's alleged injuries or Plaintiff's alleged "use and discontinuation" of Cymbalta® and therefore denies the same.

95.     Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 95 and therefore denies the same.

96.     Paragraph 96 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Lilly denies the remaining factual allegations.

97.     Paragraph 97 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations.  Moreover, Lilly lacks knowledge or information

sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 97 relating to Plaintiff's injuries and therefore denies the same.

98. Paragraph 98 purports to allege conclusions of law that do not require a response and on that basis Lilly denies the allegations. Moreover, Lilly lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 98 relating to Plaintiff's alleged injuries and therefore denies the same.

99. Lilly denies the allegations in Paragraph 99, except that Lilly admits only that Plaintiff seeks the relief set forth in Paragraph 99. Lilly denies that Plaintiff is entitled to any such relief.

100. Lilly denies each and every allegation in Plaintiff's Complaint not specifically admitted herein.

## PRAYER FOR RELIEF

Lilly denies the allegations in this section of Plaintiff's Complaint, except that Lilly admits only that Plaintiff seeks the relief set forth in this section. Lilly denies that Plaintiff is entitled to any relief whatsoever.

## DEMAND FOR JURY TRIAL

This section of Plaintiff's Complaint does not assert any allegation requiring a response. To the extent a response is deemed necessary, Lilly admits that Plaintiff requests a trial by jury.

## GENERAL DENIAL AND DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to Lilly in this matter. Lilly, therefore, asserts said defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Lilly may withdraw any of these defenses as may be appropriate. Further, Lilly reserves the right to amend its Answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery proceeds. Further answering and by way of additional defense, Lilly states the following:

**FIRST DEFENSE**

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

**SECOND DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**THIRD DEFENSE**

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

**FOURTH DEFENSE**

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening or superseding cause or causes.

**FIFTH DEFENSE**

To the extent that Plaintiff asserts claims based upon an alleged failure by Lilly to warn Plaintiff directly of alleged dangers associated with the use of Cymbalta®, such claims are barred under the learned intermediary doctrine because Lilly has discharged its duty to warn in its warnings to the prescribing physician.

**SIXTH DEFENSE**

To the extent that Plaintiff asserts claims based on Lilly's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

**SEVENTH DEFENSE**

Plaintiff has not sustained an ascertainable loss of property or money.

**EIGHTH DEFENSE**

In the unlikely event that liability is established by Plaintiff in this case, any liability that might otherwise be imposed upon this Defendant is subject to a defense of contributory negligence. *See Ponirakis v. Choi*, 262 Va. 119, 124 (2001); *Artrip v. E.E. Berry Equipment Co.*, 240 Va. 354, 358 (1990).

**NINTH DEFENSE**

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any medicine or pharmaceutical preparation manufactured or distributed by Lilly or other manufacturer.

**TENTH DEFENSE**

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Lilly and over whom Lilly had not control and for whom Lilly may not be held accountable.

**ELEVENTH DEFENSE**

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Cymbalta®.

**TWELFTH DEFENSE**

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reactions, subsequent medical conditions or natural course of conditions for which this Defendant is not responsible.

**THIRTEENTH DEFENSE**

To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not rely on any act, omission, or representation made by Lilly.

**FIFTEENTH DEFENSE**

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused the injuries asserted in the Complaint, such an award would, if granted, violate Lilly's state and federal rights.

### SIXTEENTH DEFENSE

No act or omission of Lilly was willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

### SEVENTEENTH DEFENSE

Plaintiff has not suffered any actual injury or damages.

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### NINETEENTH DEFENSE

Plaintiff's claims are barred in whole or in part because Lilly provided legally adequate "directions or warnings" as to the use of Cymbalta® and any other medicine or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement of (Second) of Torts.

### TWENTIETH DEFENSE

Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

### TWENTY-FIRST DEFENSE

Plaintiff's claims are barred under comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

### TWENTY-SECOND DEFENSE

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Cymbalta®. Plaintiff's causes of action are barred in whole or in part by their failure to assert a safer design for Cymbalta.

### TWENTY-THIRD DEFENSE

Plaintiff's claims are barred in whole or in part by failure to mitigate damages.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part because Lilly's conduct conforms with medical knowledge.

### TWENTY-FIFTH DEFENSE

With respect to each and every cause of action, Plaintiff is not entitled to recover for strict liability because Plaintiff cannot state claims founded in strict liability because, among other things, comments j and k to Section 402A of the Restatement (Second) of Torts relegates Plaintiff's claims to a negligence cause of action.

### TWENTY-SIXTH DEFENSE

With respect to each and every cause of action, Plaintiff is not entitled to recover because if the product involved was unsafe, which Lilly denies, then it was unavoidably unsafe as defined in the Restatement of Torts. The apparent benefits of the product exceeded any apparent risk given the scientific knowledge available when the product was marketed.

### TWENTY-SEVENTH DEFENSE

Lilly's advertisement and labeling with respect to the products which are the subject matter of this action were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and Virginia Constitutions.

### TWENTY-EIGHTH DEFENSE

The public interest in the benefit and availability of the product which is the subject matter of this action precludes liability for risks, if any, resulting from any activities undertaken by Defendant, which were unavoidable given the state of human knowledge at the time those activities were undertaken. With respect to Plaintiff's claims, if it is determined there is a risk inherent in the product which is the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product.

### TWENTY-NINTH DEFENSE

Lilly made no warranties of any kind, express or implied, including any alleged implied warranty of merchantability or any representations of any nature whatsoever to the Plaintiff.

**THIRTIETH DEFENSE**

At all times relevant herein, any product which is the subject matter of this action manufactured and distributed by Lilly in any state in the United States was manufactured and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further was processed and distributed in accordance with and pursuant to all applicable regulations of the FDA.

**THIRTY-FIRST DEFENSE**

With respect to each and every purported cause of action, the acts of Lilly were at all times done in good faith and without malice.

**THIRTY-SECOND DEFENSE**

To the extent there were any risks associated with the use of the product which is the subject matter of this action which Lilly knew or should have known and which gave rise to a duty to warn, Lilly at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

**THIRTY-THIRD DEFENSE**

Plaintiff's claims against Lilly are barred because Plaintiff's treating physicians fully informed Plaintiff of the risks associated with the use of Cymbalta. Any informed consent and/or release given by Plaintiff is pleaded as an affirmative defense.

**THIRTY-FOURTH DEFENSE**

To the extent Plaintiff's claims are based on alleged misrepresentations made to the FDA, such claims are barred pursuant to Buckman Co. v. Plaintiffs' Legal Committee, 531 U.S. 341 (2000).

**THIRTY-FIFTH DEFENSE**

Plaintiff's claims for pre-judgment and post-judgment interest are limited by the dates and amounts set forth in Va. Code 1950 § 8.01-382

**THIRTY-SIXTH DEFENSE**

Plaintiff's damages claims are barred by the economic loss doctrine.

**THIRTY-SEVENTH DEFENSE**

Plaintiff's claims of fraud are barred by reason of the Complaint's failure to allege the factual circumstances constituting the alleged fraud with particularity.

**THIRTY-EIGHTH DEFENSE**

Plaintiff's claims are barred in whole, or in part, because the product at all times relevant hereto complied with all applicable laws and regulations to which the product was in any respect subject, including but not limited to the deference that the common law gives to discretionary action by the Food and Drug Administration.

**THIRTY-NINTH DEFENSE**

Plaintiff's claims may be barred by failure to join indispensable parties.

**FORTIETH DEFENSE**

Any claims relating to alleged communications with regulatory agencies of the U.S. government are barred in whole or in part by operation of Lilly's First Amendment right to petition the government (the *Noerr-Pennington* Doctrine).

**FORTY-FIRST DEFENSE**

To the extent Plaintiff asserts demand for punitive damages, Lilly specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damages awards that arose in the decisions of *BMW of No. America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003); and *Exxon Shipping Co. v. Baker*, No. 07-219, 2008 U.S. LEXIS 5263 (U.S. June 25, 2008) and their progeny as well as other similar cases under both federal and state law.

**FORTY-SECOND DEFENSE**

Any claim for punitive damages requires proof of actual or express malice. *See Cook v. Patterson Drug Co.*, 185 Va. 516, 522 (1946).

**FORTY-THIRD DEFENSE**

To the extent that Plaintiff asserts a claim for punitive damages, that claim is in contravention of the rights of Lilly under the following constitutional provisions:

a.  Plaintiff's claim for punitive damages violates, and is therefore barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and the analogous provisions of the Virginia Constitution, on grounds including the following:

i.  the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the analogous provisions of the Virginia Constitution;

ii.  the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and the analogous provisions of the Virginia Constitution;

iii. the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and the analogous provisions of the Virginia Constitution;

iv.  the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution, and the analogous provisions of the Virginia Constitution;

v.  the award of punitive damages to Plaintiff in this action would constitute a deprivation of property without due process of law; and

vi. the procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

### FORTY-FORTH DEFENSE

Any claim for punitive damages is limited by Va. Code § 8.01-38.1 and shall not exceed $350,000. Lilly asserts all other defenses and limitations on punitive damages contained in Va. Code § 8.01-38.1.

### FORTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Cymbalta® was designed, manufactured, distributed, marketed, and labeled with proper warnings, information, cautions, and instructions, in accordance with the state of the art and the state of scientific and technological knowledge. Lilly invokes all state of the art defenses applicable to Plaintiff's claims, including the state of the art applicable to the industry in question, medicine, medical science, and all others, alleging that it discharged, according to law and due care, each and every duty which Plaintiff may have been owed.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Lilly to determine all of its legal, contractual, and equitable rights, Lilly reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery.

Lilly will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Lilly respectfully demands judgment dismissing the Complaint with prejudice and awarding Lilly its reasonable costs and disbursements, including reasonable attorneys' fees, together with such and other and further relief that the court may deem just and proper.

### JURY DEMAND

Lilly demands a trial by jury as to all issues triable.

DATED this 5th day of January 2015.

- 21 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: /s/        Jeffrey T. Bozman
       Jeffrey T. Bozman

       Attorney for Defendant
       ELI LILLY AND COMPANY

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this instrument has been served upon all counsel of record via email and/or CM/ECF on January 5, 2015.


Peter A. Miller
Miller Legal LLC
175 S. Pantops Drive, Third Floor
Charlottesville, VA 22911
Tel: (434) 529-6909
Fax: (888) 830-1488
Email: PMiller@MillerLegalLLC.com
*Counsel for Janine Ali*

By: */s/* Jeffrey T. Bozman
Jeffrey T. Bozman
Covington & Burling LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001
Tel: (202) 662-5829
Fax: (202) 778-5829
*Counsel for Eli Lilly and Company*