# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| JANINE ALI | CASE NO.: 1:14-CV-01615-AJT-JFA |
| Plaintiff, | |
| v. | |
| ELI LILLY AND COMPANY, an Indiana corporation, | |
| Defendant. | |

## MOTION FOR ORDER TO ALLOW THE
## NOTICING PARTY TO FIRST QUESTION A DEPONENT

For the reasons set forth in the accompanying memorandum of law, Defendant Eli Lilly and Company ("Lilly"), respectfully moves the Court for an order allowing the party which first noticed a deposition to proceed first in questioning that deponent. In support of this motion, Lilly is filing the following documents concurrently with this motion:

(1) Memorandum of Law In Support of Motion for Order to Allow the Noticing Party to First Question a Deponent,

(2) Declaration of Jeffrey T. Bozman in Support of Motion for Order to Allow the Noticing Party to First Question a Deponent.

Dated: April 10, 2015

Respectfully submitted,

/s/ Jeffrey Todd Bozman

Jeffrey Todd Bozman (VA 83679)
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Tel: (202) 662-5829
Fax: (202) 778-5829
jbozman@cov.com
*Counsel for Eli Lilly and Company*

JANINE ALI,

        Plaintiff,

vs.

ELI LILLY AND COMPANY, an Indiana
corporation,

        Defendant.

Case No.: 1:14-cv-01615-AJT-JFA

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR ORDER TO ALLOW THE NOTICING PARTY TO FIRST QUESTION A DEPONENT

Just eight months ago, counsel for Plaintiff filed a pleading in a related litigation against Defendant Eli Lilly and Co. ("Lilly") insisting that "there is absolutely no authority permitting a party to circumvent an opposing party's deposition notice, countering with its own notice and demanding to wrest control of the questioning sequence." *Hexum v. Eli Lilly and Co.*, No. 2:13-cv-02701-SVW-MAN, ECF No. 71 at 9 (C.D. Cal. Aug. 22, 2014) (attached hereto as Exhibit A to the Declaration of Jeffrey Bozman ("Bozman Decl.")).[1]  At that time, the same counsel who represent Plaintiff here had noticed depositions of California plaintiffs' treating physicians at a date after expert disclosures were due, and Lilly, wanting the benefit of the physicians' depositions prior to expert disclosures, served its own notices for the physicians' depositions to occur on an earlier date. *Id.*  The California plaintiffs took the position that "the depositions could proceed earlier [on Lilly's proposed date] *only if* Lilly agreed to *honor Plaintiffs' original*

---

[1] The pleadings concerning the dispute over the sequence of deposition questioning were cross-filed in *Herrera v. Eli Lilly and Co.*, 2:13-cv-02702-SVW-MAN, and *Carter v. Eli Lilly and Co.*, 2:13-cv-02700-GHK-FFM.

*subpoenas and notices and allow Plaintiffs' counsel to question each witness first in sequence*." *Id.* (second emphasis added). The court in those cases ruled in plaintiffs' favor, holding that the plaintiffs, having noticed the depositions, would be permitted to question the witnesses first, even though the depositions would not proceed on the date initially noticed by the plaintiffs. *See* Bozman Decl. Ex. B (*Hexum* ECF No. 81, Civil Minutes).

In this case, *Lilly* was the first to notice the depositions of Plaintiff's treating physicians. *See* Bozman Decl. Ex. C (February 23, 2015 Email from Brett Reynolds to Counsel for Plaintiffs, with deposition notices attached). Despite their unambiguous assertions on the same issue in the California actions, Plaintiff's counsel now reverse course and argue that the first party to notice a deposition is *not* entitled to begin the questioning in this case. *See* Bozman Decl. Ex. D (April 8, 2015 Email from R. Brent Wisner to Brian Stekloff, et al.).[2] In support of her position, Plaintiff ignores the weight of authority and cites to an inapposite twenty-nine-year-old case from another district and a second case that is in fact contrary to her position. This Court should follow the weight of authority on this issue and hold Plaintiff's counsel to the position they took in the California actions: Lilly's properly served deposition notices should be recognized and Lilly should be the first to question the deponents.

## I.  ARGUMENT

Courts around the country have repeatedly held that the first party to notice a deposition may question the witness first. *See Schlein v. Wyeth Pharmaceuticals, Inc.*, No. CV 105-014, 2012 WL 10359554, *2 (S.D. Ga. Dec. 13, 2012) (collecting cases to conclude that courts have "in the main, concluded that the first party to serve a notice of deposition is entitled to priority of

---

[2] In the California actions, this issue was litigated by Mr. Leckman, who recently was admitted *pro hac vice* in this action. Mr. Wisner, who has acted as the lead plaintiff's lawyer in this action, is now representing the plaintiffs in the California actions as well.

questioning at that deposition"); see also *Lumpkin v. Kononov*, No. 2:13-cv-320, 2013 WL 1343666 at *1 (N.D. Ind. Apr. 3, 2013) ("Generally, it is understood that the party who notices a deposition will have priority in asking questions . . . ."); *Pierson v. Wyeth*, No. 05-CV-527, ECF No. 48 at 8 (D. Minn. Nov. 30, 2012) ("[T]he party who first serves a valid notice of deposition shall have priority of questioning in that deposition."); *Urquiza v. Wyeth*, No. 1:04-CV-12247-DPW, ECF No. 50 at 9-10 (D. Mass. Sept. 27, 2012) ("[W]hoever noticed it first gets to do it."); *Smith v. Logansport Cmty. Sch. Corp.*, 139 F.R.D. 637, 642 (N.D. Ind. 1991) ("[C]ustomarily . . . the party noticing the deposition will commence the interrogation with direct examination. Afterward, each other attending party may cross examine.").

In fact, as explained in greater detail above, the rule that the first party to notice a deposition may question the witness first is the very rule that Plaintiff's counsel sought and received in nearly identical lawsuits filed against Lilly in California. Having received the benefit of that rule in the California litigations, Plaintiff should not be heard to demand a contrary rule here, now that Plaintiff's counsel find themselves on the receiving end of deposition notices.

In an effort to avoid application of the rule Plaintiff's counsel sought in California, Plaintiff's contentions here, though not grounded in established law, appear to be two-fold: *first*, that "it would be silly for the order of questioning to be dictated by whomever emails a pointless piece of paper first," and *second*, that "Plaintiff has the burden to establish causation in this case and, thus, should be allowed to take the first shot at meeting that burden during the deposition." *Id.* Both contentions are legally unsupported and ultimately meritless.

As to the first argument articulated in Plaintiff's most recent email to Lilly's counsel, that the "piece of paper" setting the deposition should not govern the sequence of questioning, Plaintiff's argument is unsupported by law and contrary to Plaintiff's counsel's own previous

arguments in related litigation.[3]  As demonstrated by the above-cited cases, there is simply no support for Plaintiff's view that "the law is clear" that deposition notices have no relevance to which party may begin questioning a witness.  The three-decades-old case cited in Plaintiff's counsel's email, *United States v. Bartesch*, 110 F.R.D. 128, 129 (N.D. Ill. 1986), has no bearing on the issue presented here.  That case involved two separate depositions and the issue before the Court was whether the individual defendant was entitled to discovery based on his first noticed deposition prior to being deposed himself by the plaintiff, the United States government, who filed a subsequent notice to depose the individual defendant the day before the first noticed deposition.  *See id.*  ("Since the priority rule has been abolished and replaced with the court's discretion in fashioning discovery schedules, the issue here becomes whether the defendant's deposition may be taken prior to allowing him to conduct discovery . . . .").  Simply put, nothing in *Bartesch* stands for the proposition that the second party to notice a single deposition may first question the witness.

The second case cited in counsel's email, *Occidental Chem. Corp. v. OHM Remediation Servs.*, 168 F.R.D. 13, 14 (W.D.N.Y. 1996), supports *Lilly's* position, not Plaintiff's.  In that case, defendant OHM served a notice of deposition for a former employee of plaintiff Occidental Chemical.  *Id.*  Prior to the deposition, though, the former employee became hostile to his former employer, and Occidental Chemical itself subpoenaed the employee, to appear on the same day that OHM had first noticed the deposition.  *Id.*  In exercising its sound discretion to set an order governing the sequence of discovery, the court determined that the deponent's hostility to his

---

[3] Plaintiff's counsel's prior contention is also at odds with his current argument that an email purporting to reserve "first questioner" rights for *all* future depositions in *all* related litigations is legally sufficient to establish deposition sequencing in perpetuity.

former employer "[did] not alter the fact that OHM had first scheduled the deposition," and held that OHM, as the party first noticing the deposition, would be allowed to question the witness first. *Id.*

Plaintiff's counsel's second contention is that a plaintiff, as the party bearing the ultimate burden of proof, should be permitted to examine deponents first. Plaintiff's counsel has never offered any legal support for this position, and Lilly is aware of no such authority. Hundreds of thousands of federal lawsuits are filed every year, likely resulting in hundreds of thousands of depositions per year. In each and every one of those cases, the plaintiff bears the burden of proof as to its claims. Yet Plaintiff's counsel has not and, indeed, cannot, point to any case in which a court has held that the plaintiff always has the right to question deponents first, merely because the plaintiff bears the burden of proof. Lilly does not dispute that at *trial*, Plaintiff will be the first party to present evidence as to issues on which it bears the burden of proof and Plaintiff may first question any witness that it calls in its case-in-chief. But depositions are discovery, not trial, and *any* party is entitled to notice a deposition pursuant to Fed. R. Civ. P. 30, so long as it provides notice and allows the witness to be cross-examined. Fed. R. Civ. P. 30(c)(1). In fact, in this circumstance, where a prescribing physician will in part be questioned about discussions with Plaintiff, Lilly, as a third party to those discussions, is more entitled to lead discovery on those issues.

Overall, because Lilly noticed the deposition of Plaintiff's prescribing physician first, Lilly is entitled to conduct the deposition, and Plaintiff's counsel may attend and cross-examine the witness. In Plaintiff's counsel's own words, "there is absolutely no authority permitting a party to circumvent an opposing party's deposition notice, countering with its own notice and

demanding to wrest control of the questioning sequence." The Court should apply the same rule here.

## II.    <u>CONCLUSION</u>

For the foregoing reasons, the Court should enter an order providing that the noticing party of a deposition shall be the first party to question the witness at deposition, with the other party permitted to cross-examine following the conclusion of the noticing party's questions.

DATED this 10th day of April, 2015.

By: <u>*/s/* Jeffrey T. Bozman</u>
Jeffrey T. Bozman (VSB 83679)
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone:  (202) 662-5829
Facsimile:  (202) 778-5829
jbozman@cov.com

Attorney for Defendant
Eli Lilly and Company

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of April, 2015, I will electronically file the

foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification

of such filing (NEF) to the following:

Peter A. Miller
Brielle Marie Hunt
Miller Legal LLC
175 S. Pantops Drive, Third Floor
Charlottesville, VA 22911
Tel: (434) 529-6909
Fax: (888) 830-1488
Email: PMiller@MillerLegalLLC.com
bhunt@millerlegalllc.com

R. Brent Wisner, Esq. (*pro hac vice*)
BAUM, HEDLUND, ARISTEI & GOLDMAN, P.C.
12100 Wilshire Blvd., Suite 950
Los Angeles, CA 90025
Tel: (310) 207-3233
Fax: (310) 820-7444
Email: rbwisner@baumhedlundlaw.com

*Counsel for Janine Ali*

/s/Jeffrey Todd Bozman_____
Jeffrey Todd Bozman (VSB 83679)
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Tel: (202) 662-5829
Fax: (202) 778-5829
jbozman@cov.com
*Counsel for Eli Lilly and Company*
