**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| GILDA HAGAN-BROWN,<br><br>    Plaintiff,<br><br>  v.<br><br>ELI LILLY AND COMPANY, an Indiana corporation,<br><br>    Defendant. | Case No. 1:14-CV-01614-AJT-JFA<br><br>Hon. Anthony J. Trenga<br>Hon. John F. Anderson |
| JANINE ALI,<br><br>    Plaintiff,<br><br>  v.<br><br>ELI LILLY AND COMPANY, an Indiana corporation,<br><br>    Defendant. | Case No. 1:14-cv-01615-AJT-JFA<br><br>Hon. Anthony J. Trenga<br>Hon. John F. Anderson |

**DECLARATION OF R. BRENT WISNER IN SUPPORT OF PLAINTIFFS' MOTION
TO COMPEL PRODUCTION OF DOCUMENTS**

I, R. Brent Wisner, declare as follows:

1.      I am an attorney licensed to practice in the State of California and I am admitted *pro hac vice* before this Court. I am a shareholder with the law firm of Baum Hedlund Aristei & Goldman, P.C., and counsel of record for Plaintiffs Gilda Hagan-Brown ("Hagan-Brown" or collectively "Plaintiffs") and Janine Ali ("Ali" or collectively "Plaintiffs") in the above-referenced actions. I make this declaration based on my personal knowledge and, if called as a witness, I could and would testify competently to these matters.

1

2. Attached hereto as Exhibit "1" is a true and correct copy of the complaint styled *Janine Ali v. Eli Lilly and Company*, Case Number 1:14-cv-1615, filed in the United States District Court, Eastern District of Virginia.

3. Attached hereto as Exhibit "2" is a true and correct copy of the cover page and table of contents of *Antidepressant Discontinuation Syndrome: Update on Serotonin Reuptake Inhibitors,* 58 J. Clinical Psychiatry suppl 7 (1997).

4. Attached hereto as Exhibit "3" is a true and correct copy of excerpts of articles from *Antidepressant Discontinuation Syndrome: Update on Serotonin Reuptake Inhibitors*, 58 J. Clinical Psychiatry Suppl. 7 (1997)

5. Attached hereto as Exhibit "4" is a true and correct copy of excerpts of the deposition transcript of Michael J. Detke, taken on April 28, 2015.

6. Attached hereto as Exhibit "5" is a true and correct copy of J. Rosenbaum et al, *Selective Serotonin Reuptake Inhibitor Discontinuation Syndrome: A Randomized Clinical Trial*, 44 Biological Psychiatry 2, 77-87 (1998).

7. Attached hereto as Exhibit "6" is a true and correct copy of Defendant's Responses to Plaintiff's Amended First Set of Requests for Admission, served on March 9, 2015.

8. Attached hereto as Exhibit "7" is a true and correct copy of Eli Lilly and Company's letter to Dr. Marrizio Fava, dated July 7, 1997.

9. Attached hereto as Exhibit "8" is a true and correct copy of a September 13, 1995 DISCONTINUATION-EMERGENT SIGNS AND SYMPTOMS (DESS) checklist.

10. Attached hereto as Exhibit "9" is a true and correct copy of Perahia, et al, *Symptoms following abrupt discontinuation of duloxetine treatment in patients with major depressive disorder*, 89 Journal of Affective Disorders, 207-212 (2005).

11. Attached hereto as Exhibit "10" is a true and correct copy of an email from senior Eli Lilly Physician, Dr. Walter Deberdt, dated November 11, 2002, Bates Nos. CYM-01813088- CYM-01813089.

12. Attached hereto as Exhibit "11" is a true and correct copy of a redacted Dr. David Perahia mail, dated July 2, 2003, Bates Nos. CYM-01873414- CYM-01873416.

13. Attached hereto as Exhibit "12" is a true and correct copy of an unredacted Dr. David Perahia mail, dated July 2, 2003, Bates Nos. CYM-R-01873414- CYM-R-01873416.

14. Attached hereto as Exhibit "13" is a true and correct copy of Plaintiff's Second Set of Requests for Production, served on April 15, 2015.

15. Attached hereto as Exhibit "14" is a true and correct copy of email exchanges between plaintiff and defendant regarding requests for production of documents.

16. Attached hereto as Exhibit "15" is a true and correct copy of Defendant's Objections to Plaintiff's Second Set of Requests for Production of Documents, served on April 29, 2015.

17. Attached hereto as Exhibit "16" is a true and correct copy of Defendant's Responses to Plaintiff's Second Set of Requests for Production of Documents, served on May 15, 2015.

18. Attached hereto as Exhibit "17" is a true and correct copy of Plaintiff's email regarding Prozac production, dated May 19, 2015.

19. Attached hereto as Exhibit "18" is a true and correct copy of Plaintiff's further emails regarding Prozac production, dated May 21, 2015.

20. Attached hereto as Exhibit "19" is a true and correct copy of excerpts of the deposition transcript of Sharon L. Hoog, M.D., taken on December 10, 2014.

21. Attached hereto as Exhibit "20" is a true and correct copy of the Defendant's Motion for Protective Order hearing transcript before the United States District Court, Central District of California, dated September 9, 2014.

22. Attached hereto as Exhibit "21" is a true and correct copy of Prozac marketing document, Bates Nos., CYM-02989901 – CYM-02989956.

23. Attached hereto as Exhibit "22" is a true and correct copy of U.S. Strategic Pricing Study for Cymbalta, dated August 2, 2002, Bates Nos., CYM-02989901 – CYM-02989956.

24. Attached hereto as Exhibit "23" is a true and correct copy of Patient Segmentation Study, dated August 17, 2004, Bates Nos. CYM-02784114 – CYM-02784271.

25. Following the hearing on April 16, 2015, the counsel for the parties discussed the requests for documents served on Lilly on April 15, 2014. (*See* Exh. 13 at 8.) During the brief meeting, I explained the purpose of the document requests, the type of information being sought, and explained that the requests did not contemplate a massive document production.

26. On May 18, 2015, Lilly made a document production, LLYPRD024, consisting of thirty documents.

27. On May 19, 2015, Lilly made a document production, LLYPRD026, consisting of twenty-two documents.

28. None of the documents produced on May 18, 2015 and May 19, 2015 contained information prior to 1999, any marketing plans for Prozac, or any sales aids used by Lilly sales representatives to promote Prozac.

29. On May 19, 2015, I spoke with Lilly's counsel about the Prozac production by telephone. During the conversation, Lilly's counsel explained that a search for documents was limited to a "SinglePoint" marketing database, used by Lilly to organize its marketing documents.

4

The SinglePoint database allows Lilly to conduct a simple Boolean search of the documents and produce whichever documents were responsive. The SinglePoint database, however, only goes back to 2001 and does not contain marketing documents from the 1990s.

30. During the phone call, Lilly's counsel also explained that there is no centralized database of Prozac marketing plans, sales aids, or market surveys, and that producing such documents would require Lilly to search various Lilly's personnel emails for appropriate documents. Lilly's counsel explained that such a search was simply too burdensome.

31. In an effort to reach some compromise on the issue, I proposed, in lieu of producing documents, to conduct a Rule 30(b)(6) deposition on the issue of Prozac marketing and antidepressant withdrawal or allow written discovery related to the issue in the form of interrogatories and requests for admission.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 22nd day of May, 2015 at Los Angeles, California.


                                        /s/ R. Brent Wisner
                                        R. Brent Wisner, Esq.

## CERTIFICATE OF SERVICE

    I, Peter Miller, hereby certify that on the 22nd day of May, 2015, a true copy of the foregoing DECLARATION OF R. BRENT WISNER IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

    Jeffrey Todd Bozman
    Michael X. Imbroscio *(pro hac vice)*
    Phyllis A. Jones *(pro hac vice)*
    Brett C. Reynolds *(pro hac vice)*
    COVINGTON & BURLING LLP
    One CityCenter
    850 Tenth Street, NW
    Washington, DC 20001
    Tele (202) 662-5335
    Fax (202) 778-5535

    /s/ Peter A. Miller
    Peter A. Miller
    MILLER LEGAL LLC
    Va. Bar 47822
    175 S. Pantops Drive, Ste. 301
    Charlottesville, VA 22911
    Tele (434) 529-6909
    Fax (888) 830-1488
    pmiller@millerlegalllc.com