# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| JANINE ALI,<br><br>                Plaintiff,<br><br>  v.<br><br>ELI LILLY AND COMPANY, an Indiana corporation,<br><br>                Defendant. | Case No. 1:14cv-01615-AJT-JFA<br><br>Hon. Anthony J. Trenga<br>Hon. John F. Anderson<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37** |

## INTRODUCTION

Defendant Eli Lilly and Company ("Lilly") was ordered by his Court on April 3, 2015, to produce to Plaintiff those documents "contemplated by Request for Production No. 96." (Dkt. 50, Exh. 2 at 1.) Request for Production No. 96 requested production of "all records in YOUR possession related to Plaintiff. Please note that this request is in no way limited to medical or psychiatric records, but includes any DOCUMENTS obtained from a third-party by LILLY about the Plaintiff." (Exh. 1 at RFP No. 96, pg. 26.)

Lilly, however, did not produce all the records obtained from a third-party about Plaintiff. On June 1, 2015, after discovery closed on May 29, 2015, Lilly presented a document to Plaintiff's expert during his deposition relating to Plaintiff that Lilly obtained from a court involving a domestic dispute with her late husband. Lilly never produced this document during the course of discovery. When questioned about the document, Lilly's counsel openly admitted the document was obtained approximately one and a half months prior to the close of discovery and Lilly deliberately did not produce it.

This failure to produce violated the Court's April 3, 2015 Order. Accordingly, pursuant to Fed. R. Civ. P. 37(c)(1) and (b), Lilly should be prevented from using the document and any associated testimony at trial—the document was not timely produced and Lilly's failure violated a direct order from the Court. In addition, Plaintiff seeks fees and costs associated with bringing this motion pursuant to 37(b)(2)(C) and/or Rule 37(c)(1)(A).

## BACKGROUND

On February 4, 2015, Plaintiff served her First Set of Requests for Production on Lilly, which included the following Request for Production ("RFP"):

**REQUEST FOR PRODUCTION NO. 96:**

1

> Please produce all records in YOUR possession related to Plaintiff. Please note that this request is in no way limited to medical or psychiatric records, but includes any DOCUMENTS obtained from a third-party by LILLY about the Plaintiff.

(Exh. 1 at RFP No. 96, pg. 26.) Lilly objected and did not produce any documents in response to RFP No. 96. Subsequently, Plaintiffs filed a motion to compel. (*See* Dkts. 35, 36, and 37.)

On April 3, 2015, the Court granted Plaintiff's motion with respect to RFP No. 96, stating that "[t]he motion is also granted with respect to those records contemplated by Request for Production No. 96, provided that plaintiff agrees to cover any costs that may arise from the transportation or copying of those records." (Dkt. 50, Exh. 2 at 1.) Thereafter, Lilly began producing documents it had obtained related to Plaintiff throughout the discovery period in compliance with the Court's order.

Discovery closed on May 29, 2015. The Court, however, permitted the deposition of Dr. Joseph Glenmullen to proceed out of time on June 1, 2015, provided all other discovery was completed by May 29, 2015. (Dkt. 91, Exh. 3 at 1-2.)

During the deposition of Dr. Glenmullen on June 1, 2015, Lilly presented a document it had obtained relating to the Plaintiff. The document was a police report concerning the arrest of the Plaintiff following a domestic dispute with her late husband. (*See* Exh. 4.) This document, however, had not been produced by Lilly prior to the close of discovery.

That same day, Plaintiff's counsel sent an email to Lilly's counsel, inquiring "about (1) when Lilly came into possession of this document and (2) whether Lilly has ever produced this document to Plaintiff before today." (Exh. 5 at 4.) Lilly's counsel responded the following day, June 2, 2015, stating that the document was obtained "following Mrs. Ali's deposition[,]" which occurred on April 8, 2105, and that Lilly "did not produce it in discovery in line with our explicit responses, nor were we obligated to do so." (Exh. 5 at 3.)

2

Plaintiff's counsel expressed concern about the document. Specifically, Plaintiff's counsel explained:

> Lilly obtained these records following Mrs. Ali's deposition, which occurred on April 8, 2015. Discovery closed on May 29, 2015. Lilly never produced the document at issue until Dr. Glenmullen's deposition on June 1, 2015—which was taken out-of-time pursuant to the Court's order. (*See* Dkt. 91 (stating that "[a]ll other discovery shall be completed by May 29, 2015.").
>
> Thus, Lilly violated the Court's April 3, 2015 Order by not producing this document before the close of discovery and/or when Lilly obtained the document from the third-party.
>
> In lieu of filing a Rule 37 motion, *see* Local Civ. R. 37(D), (H), Plaintiff demands that Lilly agree to exclude the document at issue from this case and any testimony concerning this document. If Lilly will not agree to such a limitation, Plaintiff will file a Rule 37 motion seeking such relief and will also seek reimbursement for attorneys fees and costs associated with bringing the motion.

(*Id.* at 3.) Lilly rejected this offer arguing that the motion to compel and subsequent Court order "focused exclusively on medical records" and, thus, Lilly did not violate any Court order by not producing the document, even though it was obtained from a third-party and concerned the Plaintiff. (*Id.* at 1-2.) Lilly's counsel also threatened Plaintiff's counsel should Plaintiff file a Rule 37 Motion, stating that "such motion could very well constitute an 'unnecessary discovery motion' within the meaning of Local Civil Rule 37(G), and pursuant to the provisions of that rule, Lilly reserves the right to seek imposition of costs and fees for responding to any motion that you file." (*Id.* at 2.)

## ARGUMENT

**I. Lilly Should Be Excluded from Using the Undisclosed Document and Any Testimony Concerning the Document at Trial**

    **A. Exclusion Is Proper Pursuant to Fed. R. Civ. P. 37(c)(1)**

"The purpose of discovery is to provide a mechanism for making relevant information available to the litigants. 'Mutual knowledge of all the relevant facts gathered by both parties is

3

essential to proper litigation.' *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)." Fed. R. Civ. P. 26(f) advisory committee's note (1983 Amendment). This is why the Rules require that each:

> [P]arty . . . who has responded to a . . . request for production . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or . . . as ordered by the court.

Fed. R. Civ. P. 26(e)(1). The Rules dictate that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is ***not allowed to use that information*** . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless[.]" Fed. R. Civ. P. 37(c)(1) (emphasis added). The imposition of exclusion sanctions under Fed. R. Civ. P. 37(c)(1) should be "self-executing," and "automatic" so as to provide "a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion[.]" Fed. R. Civ. P. 37 advisory committee's note (1993).

Here, Lilly obtained a document that was directly responsive to RFP No. 96, i.e., the document was obtained from a third-party and concerned Plaintiff, and Lilly did not produce that document before the close of discovery. The question, then, turns on whether that failure to disclose was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); *S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003).[1] Imposition of the

---

[1] The Fourth Circuit has articulated a five-part test for evaluating whether the non-disclosure of a witness was "substantially justified or harmless," but that test does not appear to apply in the context of failing to produce a specific document. *See S. States*, 318 F.3d at 596. The five-part test is:

> (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony.

*Id.* (quoting *Rambus, Inc. v. Infineon Technologies AG*, 145 F. Supp. 2d 721, 726 (E.D. Va. 2001)).

4

"self-executing" exclusion sanctions under Rule 37(c)(1) does not require a finding of bad-faith. *S. States*, 318 F.3d at 598 ("[W]e decline to consider bad faith as a separate factor in our exclusion analysis[.]"). Here, Lilly's failure to produce was neither substantially justified nor harmless.

Lilly openly admits that it obtained the document following the Plaintiff's deposition on April 8, 2015. Discovery closed on Mary 29, 2015. Presumably, Lilly had over one and half months to produce the 14-page police report prior to the close of discovery. It did not. Lilly does not even try to justify this failure beyond the bald assertion that it was not under any obligation to produce the document—notwithstanding the Court's unequivocal order that Lilly produce those documents contemplated by RFP No. 96. Indeed, RFP No. 96 specifically states "that this request is in ***no way limited*** to medical or psychiatric records, but includes any DOCUMENTS obtained from a third-party by LILLY about the Plaintiff." (Exh. 1 at RFP. No. 96, pg. 26 (emphasis added).) It is difficult to imagine how Lilly could have believed that it was not obliged to produce a document it obtained from a third-party about the Plaintiff. Lilly's failure to produce the document was not justified—let alone *substantially* justified.

Lilly's failure to produce the document was not harmless. The document was presented, for the first time, in the context of a deposition of Plaintiffs' expert Dr. Joseph Glenmullen. Because Lilly had not produced the document, as required by Rule 26(e) and this Court's April 3, 2015 Order, Dr. Glenmullen did not review the document before formulating his opinions. Lilly's counsel claims that the document was used "to impeach Dr. Glenmullen with a publicly available document that directly contradicts his 'opinion' of what happened between Ms. Ali and her husband." (Exh. 5 at 2.) Thus, Lilly withheld this document with the express purpose of

5

surprising Dr. Glenmullen at his deposition so as to impugn the reliability of his testimony.[2] Plaintiff strenuously disputes Lilly's characterization about how this document relates to the merits of Dr. Glenmullen's opinion—it does not contradict anything. But, regardless of the merits of such a claim, it is clear that Lilly's failure to produce the document was not "harmless." Indeed, had Plaintiff had the document, it may have prompted additional third-party discovery, such as a deposition of the arresting officer.

To be clear, Lilly has the burden to show that the failure to produce the document was substantially justified or harmless. By the very terms of Lilly's arguments in the email exchanges attached as Exhibit 5 to R. Brent Wisner's declaration, Lilly cannot credibly make such a claim. Accordingly, under Rule 37(c)(1), Lilly should not be "allowed to use that information" contained in the document and testimony about the document "at a trial."

### B. Exclusion Is Proper Pursuant to Fed. R. Civ. P. 37(b)

Separate and apart from the rules requiring supplemental disclosures under Rule 26(e), Rule 37(b) also states that, when a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A); *S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (discussing different standard employed under Rule 37(b)). One such sanction is to prohibit "the disobedient party . . . from introducing designated matters in evidence[.]" Fed. R. Civ. P. 37(b)(2)(A)(ii).

Here, the Court specifically ordered Lilly to produce documents contemplated by RFP No. 96, and Lilly did not comply with that order. The Fourth Circuit has developed a four-part test to determine the appropriate sanction under Rule 37(b):

---

[2] This document was not reviewed by any of Lilly's experts either, at least based on Lilly's expert disclosures and the testimony elicited during their depositions.

6

>(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.

*S. States*, 318 F.3d at 597 (quoting *Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir.1998)). Here all four factors weigh in favor of a sanction excluding the police report and associated testimony from trial.

First, there is evidence that Lilly's conduct was in bad-faith. There is no question that Lilly's decision not to produce the document was willful, i.e., Lilly deliberately decided to not produce the document notwithstanding the Court's April 3, 2015 Order. To support its reason for not producing the document, Lilly claims that the Court's order was limited to medical records because Plaintiff's motion to compel was also limited to medical records. This argument is tortured at best, and is unsupported. Putting aside the unequivocal language of the Court's order and the language of RFP No. 96, Lilly's claim that Plaintiff's motion to compel was limited to medical records is demonstrably false. In the first paragraph of Plaintiff's memorandum supporting her motion to compel, Plaintiff stated "Plaintiffs move to compel production of any non-privileged documents that Lilly may have that concern Plaintiffs, including any medical records Lilly obtained by use of the medical authorizations they both provided to Lilly last month." (Dkt. 37 at 2.) Similarly, in Plaintiff's proposed order, Plaintiff proposed that the Court order "to produce all discoverable documents in its possession that relate to either Plaintiff[.]" (Dkt. 37-2.) In the face of this clear language, Lilly's bald assertion that the Court's order was limited to medical records is unsupported and, quite frankly, speaks of bad-faith. Indeed, instead of simply acknowledging Lilly's failure and agreeing to exclude the evidence, Lilly concocted a specious "argument" about medical records and then threatened Plaintiff if she filed a Rule 37 motion. (Exh. 5 at 2.) This is not the conduct of a party acting in

7

good faith.

Second, the prejudice, while not substantial, is sufficient to warrant the exclusion of the document and testimony related thereto. Unquestionably, Plaintiff could have obtained the document independently. Plaintiff, however, did not believe it was particularly relevant to the issues in this case, i.e. whether Plaintiff sustained injuries because of Lilly's failure to adequately warn about the risks of Cymbalta withdrawal. Thus, when Lilly did not produce the document or make an issue of the incident, Plaintiff did not proceed to conduct any discovery related to the issue. Plaintiff did not seek the complete police file via subpoena, did not depose the arresting officer, and did not take any effort to put the police report in context. By withholding the document, however, Lilly prevented plaintiffs from taking any actions to address the document or rebut it. Although the prejudice created by Lilly's violation of the Court order is not overwhelming, it is significant.

Third, there is a clear need to deter this type of non-compliance. The Court's order was clear and unequivocal. RFP No. 96 was also clear and unequivocal. Lilly's failure to comply is inexcusable and should be deterred.[3] Considering the fast-paced nature of litigation within this Court, strict compliance with the Court's discovery orders must be given extreme deference.

Fourth, excluding the document is the least drastic sanction available. It does not prejudice Lilly in any significant way since none of Lilly's experts or witnesses relied upon the

---

[3] This is not the first time Lilly has failed to comply with a Court order in the Cymbalta withdrawal litigation. In the related Cymbalta withdrawal cases in the Central District of California, *Hexum v. Eli Lilly and Co.*, 13-CV-0270 (C.D. Cal.) and *Herrera v. Eli Lilly and Co.*, 13-02702-SVW (C.D. Cal.), there is a pending motion for sanctions involving two issues. The first issue involves Lilly withholding documents in the California cases, despite valid discovery requests, that were ultimately produced in this case—documents that specifically relate to marketing surveys that Lilly conducted prior to and during Cymbalta's marketing in the United States that showed Lilly could be competitive in the saturated antidepressant marketplace by minimizing the risk of withdrawal syndrome. The second issue involves withholding documents for privilege. Lilly failed to timely produce a privilege log in violation of the court's order and, when the log was finally produced, it listed over 2,000 documents withheld for privilege. After Plaintiff's counsel filed a motion for sanctions, Lilly subsequently produced approximately 1,600 of those documents because they should not have been withheld to begin with. The court in the Central District of California has had two hearings on the motion and has another set for June 11, 2015.

document. Moreover, since none of Plaintiff's witnesses relied on the document, its exclusion is a very mild sanction considering how blatantly Lilly violated the Court's April 3, 2015 order.

On balance, these factors all weigh in favor of a sanction against Lilly excluding from trial and evidence the police record shown to Dr. Glenmullen on June 1, 2015 and any testimony associated with the document.

## II. Lilly Should Reimburse Plaintiffs' Costs and Fees Associated with Preparing and Arguing this Motion

Rule 37(b)(2)(C) states that, when a party disobeys a discovery order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Similarly, under Rule 37(c)(1)(A), the Court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure" to properly supplement a document production before the close of discovery.

Here, Plaintiff's counsel asked Lilly, "[i]n lieu of filing a Rule 37 motion" to "agree to exclude the document at issue from this case and any testimony concerning this document." (Exh. 5 at 3.) Lilly flatly rejected this proposal and, instead, threatened sanctions.

Plaintiff's counsel has expended 5.25 hours researching and preparing this motion and its accompanying documents. (Wisner Decl. ¶ 8.) In addition, Plaintiff's counsel expects to use another 2 hours preparing for argument and / or preparing a reply brief. (Wisner Decl. ¶ 9.) Plaintiff's counsel's reasonable hourly rate is $450 an hour, which makes the attorneys' fees associated with the filing of this motion $3,262.50. (Wisner Decl. ¶ 7.) This figure does not include paralegal or legal assistant time. In addition, Plaintiffs' counsel, who is located in Los Angeles, CA—a fact known to Lilly—will spend $1,064.20 in plane fare and $205.96 for a hotel for one night as part of traveling to Alexandria, VA to argue this motion. (Wisner Decl. ¶¶ 10,

9

11.) Thus, in total, the fees and costs associated with filing and arguing this motion are $4,532.66. Plaintiffs respectfully request that the Court award this amount pursuant to Rule 37(b)(2)(C) and/or Rule 37(c)(1)(A).

## CONCLUSION

For the forgoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion for Sanctions Pursuant to Rule 37, excluding the police report produced by Lilly on June 1, 2015 and any associated testimony, and awarding Plaintiff $4,532.66 in fees and costs.

Dated: June 5, 2015   Respectfully submitted,

**MILLER LEGAL, LLC**

/s/ Peter A. Miller
Peter A. Miller, Esq.
Va. Bar 47822
pmiller@millerlegalllc.com
175 S. Pantops Drive, Ste. 301
Charlottesville, VA 22911
Tele (434) 529-6909
Fax (888) 830-1488

**BAUM, HEDLUND, ARISTEI & GOLDMAN, P.C.**
R. Brent Wisner, Esq. (*pro hac vice*)
rbwisner@baumhedlundlaw.com
12100 Wilshire Blvd., Suite 950
Los Angeles, CA 90025
Tel: (310) 207-3233
Fax: (310) 820-7444

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

  I, Peter Miller, hereby certify that on the 5th day of June, 2015, a true copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37** was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

  Jeffrey Todd Bozman
  Michael X. Imbroscio *(pro hac vice)*
  Phyllis A. Jones *(pro hac vice)*
  Brett C. Reynolds *(pro hac vice)*
  COVINGTON & BURLING LLP
  One CityCenter
  850 Tenth Street, NW
  Washington, DC 20001
  Tele (202) 662-5335
  Fax (202) 778-5535

            /s/ Peter A. Miller
            Peter A. Miller
            MILLER LEGAL LLC
            Va. Bar 47822
            175 S. Pantops Drive, Ste. 301
            Charlottesville, VA 22911
            Tele (434) 529-6909
            Fax (888) 830-1488
            pmiller@millerlegalllc.com