IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| GILDA HAGAN-BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:14-cv-1614 (AJT/JFA) |
| | ) | |
| ELI LILLY AND COMPANY, | ) | |
| an Indiana Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| JANINE ALI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:14-cv-1615 (AJT/JFA) |
| | ) | |
| ELI LILLY AND COMPANY, | ) | |
| an Indiana Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

With respect to the jury trial in these cases scheduled to begin on Monday, August 24, 2015, the Court orders as follows:

I.     On Monday, August 24, 2015, Court will convene at 9:00 a.m.; the trial will begin with jury selection at 10:00 a.m. If the case requires more than one day, beginning on Tuesday, August 25, 2015, through the remainder of the trial, the Court will begin trial at 9:30 a.m., although counsel should be present by 9:00 a.m., unless otherwise informed by the Court.

Subject to the exigencies of the case: the Court will take a lunch recess from 1:00 to 2:00 p.m. and recess between 5:30 and 6:00 p.m. daily; and, the Court will not conduct the trial on Fridays, although the jury will be permitted to deliberate on Fridays.

II.     **Deposition Designations**: On or before July 15, 2015, and only after exhausting efforts to resolve any disputes, the objecting party shall submit to the Court written objections to any designated deposition testimony, supported by the necessary

1

documentation, which includes sufficient uninterrupted portions of the transcript to provide context for the challenged portion, with the challenged excerpt marked in highlight, followed by a short explanation of the dispute, and why the designation is improper. On or before July 27, 2015, the non-objecting party shall file a response.

III. **Motions *in Limine*:** The parties shall file any motions *in limine* on or before August 3, 2015.

IV. **Technology in Court**

    A. **Laptop Computers.** Counsel are permitted to use computers in the courtroom during trial. Please provide my law clerk, Dena Roth (dena_roth@vaed.uscourts.gov), at least two days before trial, the names of all attorneys and/or firm personnel who intend to bring computers to trial so that arrangements may be made with the security officers at the front entrance.

    B. **Evidence Presentation System.** To use the evidence presentation system, please contact the Court Technology Administrator, Lance Bachman at 703-299-2148 or lance_bachman@vaed.uscourts.gov to arrange to be trained on the evidence presentation system **before** trial begins. No evidence should be placed on the system which has not been shown to opposing party and admitted.

V. **Exhibits** shall be addressed in the following manner:

    A. The parties shall place all proposed trial exhibits in binders, properly tabbed, numbered, and indexed, and the original and two (2) copies shall be delivered to the Clerk, with copies in the same form to the opposing party, **seven (7) days before trial**.

    B. **The parties are directed to meet and confer with respect to all outstanding objections to exhibits; and to resolve to the maximum extent possible any such objections.**

    C. Each party will submit to the Court, **seven (7) days before trial**, a list of the other party's exhibits to which an objection remains outstanding and as to each such exhibit (including demonstratives), and a brief justifying the remaining objection.

    D. In those instances where an objection is asserted to only a portion of an exhibit, the objecting party should submit a version of the exhibit that it does not object to. For example, where only a portion of an exhibit is objected to on the grounds of hearsay, relevance or lack of personal knowledge, the objecting party should submit a proposed redacted version of the exhibit.

VI. **Voir Dire.** The Court will conduct the *voir dire*. Each party should submit proposed questions as set forth in the local rules. Additionally, the parties should provide electronic

versions of the file in Word or WordPerfect format. You may email the files to my law clerk or submit them to Chambers on a disk. Any additional questions should be submitted directly to Chambers.

VII. **Jury instructions** shall be addressed in the following manner:

  A. The parties shall exchange proposed jury instructions **no later than fourteen (14) days before trial**, and thereafter meet and confer on those instructions in order to reach an agreement on as many jury instructions as possible.

  B. **Seven (7) days before trial**, the parties shall jointly submit to Chambers a set of agreed upon instructions. At the same time (one week before trial), each party shall submit to the Court a set of proposed jury instructions as to which there has not been complete agreement (disputed instructions). The instructions submitted should be the full verbatim instructions to be read to the jury. Mere references to jury instruction numbers in form books are not sufficient. Finally, the parties shall submit jointly an index of all proposed jury instructions designating which instructions are agreed upon and which are not.

  C. For all submitted jury instructions, both agreed upon and disputed, one (hard) copy shall be submitted with citations and one without, as well as electronic versions of each in Word or WordPerfect format. You may email the electronic files to my law clerk or submit them to Chambers on a disk. For identification purposes as to disputed instructions, the plaintiffs should letter their set of instructions and the defendant should number its set(s) of instructions.

  D. **Seven (7) days before trial**, any party objecting to a jury instruction proposed by another party shall file a brief, no longer than a total of 15 pages, stating their objections to any proposed instructions and any argument in support of their own alternative instructions.

  E. The parties may submit supplemental proposed instructions during the trial, or withdraw those previously proposed, in order to reflect the evidence or the Court's rulings. The Court will instruct the jury before closing arguments, and will provide copies of the final set of jury instructions to all parties and to the jury for its use during deliberations.

  F. If there are questions about this process, please contact Dena Roth in Chambers.

II. **Objections During Trial.** As a general rule, the Court will not conduct sidebar conferences on objections during witness examination. If Counsel believes that argument or discussion on anticipated objections is necessary, Counsel should inform the Court outside the presence of the jury and, to the extent practicable, such objections will be heard before the jury is seated at the beginning of each trial day or after the jury is excused at the end of a trial day.

III.  **Verdict Form.** After consultation among Counsel, please present a proposed verdict form for the Court's consideration at or before the close of the plaintiff's case, as well as an electronic copy of the proposed verdict form in Word or WordPerfect format. If the parties cannot agree, each party should submit their own proposed verdict form in hard copy and electronic copy.

IV.  If any party anticipates significant unresolved issues, other than those that are or will be the subject of motions, please alert the Court as soon as possible. This Order is not intended to modify the parties' obligations under any previous Order.

## Contact Information

| | | |
|---|---|---|
| Judicial Assistant | Kristina Brown | (703) 299-2113 |
| Law Clerk | Dena_Roth @vaed.uscourts.gov | (703) 299-2201 |

The Clerk is directed to forward copies of this Order to all counsel of record.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
June 24, 2015