UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| GILDA HAGAN-BROWN,<br><br>             Plaintiff,<br><br>    v.<br><br>ELI LILLY AND COMPANY, an Indiana corporation,<br><br>             Defendant. | Case No. 1:14-cv-01614-AJT-JFA<br><br>Hon. Anthony J. Trenga<br>Hon. John F. Anderson |
| JANINE ALI,<br><br>             Plaintiff,<br><br>    v.<br><br>ELI LILLY AND COMPANY, an Indiana corporation,<br><br>             Defendant. | Case No. 1:14-cv-01615-AJT-JFA<br><br>Hon. Anthony J. Trenga<br>Hon. John F. Anderson |

**JOINT NOTICE REGARDING DEPOSITION DESIGNATIONS**

Plaintiffs Gilda Hagan-Brown and Janine Ali, and Eli Lilly and Company ("Lilly") hereby jointly file this notice regarding deposition designations.

Pursuant to the Court's June 24, 2015 Orders in both actions, the parties are submitting written objections to any designated deposition testimony today. The parties have productively conferred for over five hours regarding the deposition designations and have exhausted efforts to resolve any disputes.

In an effort to minimize the burden on the Court in ruling on the parties' objections, the parties file this notice to make the Court aware that a significant number of

1

objections are tied directly to motions *in limine* that Lilly intends to file on or before August 3, 2015. Therefore, the parties respectfully request that the Court defer ruling on objections to the following deposition designations until it has the benefit of the parties' complete arguments on the issues raised in the motions *in limine* and until it rules on such motions. The parties believe that the Court's rulings will resolve the objections to the following deposition designations:

I. **Lilly's Motion *in Limine* To Exclude Evidence and Argument on Lilly's Alleged Bad Company Conduct**

    A.    Dr. Hoog

- 41:5-41:15
- 50:11-52:8
- 58:17-59:18
- 64:5-64:11
- 82:7-22

    B.    Dr. Perahia

- 63:19-64:4
- 64:12-65:6

II. **Lilly's Motion *in Limine* To Exclude Evidence and Argument Relating to Foreign Labeling**

    A.    Dr. Detke

- 115:8-16
- 119:5-121:2
- 121:12-16
- 123:16-124:16
- 127:13-128:23
- 129:5-132:8

- 132:24-135:6
- 145:15-154:7
- 232:4-18
- 234:13-235:18

B. Dr. Hoog

- 82:7-22
- 152:1-154:13
- 157:8-159:10
- 160:9-162:25
- 165:19-166:21
- 168:20-169:16
- 177:24-180:3
- 180:4 -181:4
- 181:21-182:12
- 184:1-184:23

C. Mr. Kuntz

- 58:25-62:6
- 101:4-102:22
- 103:1-11
- 103:23-105:5
- 105:8-111:25
- 112:6-22
- 116:1-117:23

D.  Dr. Perahia

- 160:23-161:3
- 244:22-245:8

E.  Dr. Wohlreich

- 232:16-233:1
- 236:1-236:23
- 240:12-241:16
- 244:13-245:2
- 249:16-249:24
- 259:24-263:13
- 265:8-266:18

**III.   Lilly's Motion *in Limine* To Exclude Evidence and Argument Relating to Lilly's Alleged Failure to Test**

A.  Dr. Detke

- 95:17-24
- 101:14-18

B.  Dr. Perahia

- 227:21-228:12

C.  Dr. Wohlreich

- 216:17-216:24
- 397:5-400:4
- 426:13-434:12

**IV.	Lilly's Motion *in Limine* To Exclude Evidence and Argument Relating to Labeling and Marketing Issues Outside the Scope of the Case**

    A.    Dr. Detke

- 166:9-168:6
- 170:17-23
- 171:12-174:19
- 222:21-224:19
- 225:2-7

    B.    Dr. Perahia

- 102:2-102:17
- 103:3-104:1

    C.    Dr. Wohlreich

- 19:16-20:14
- 44:12-18
- 48:3-48:14
- 60:10-61:6
- 63:3-63:15
- 65:10-66:2
- 165:20-166:16
- 166:23-168:10
- 300:3-305:19
- 340:7-342:9
- 343:13-350:17

**V.    Lilly's Motion *in Limine* To Exclude Evidence and Argument Relating to Prozac**

　　A.　　Dr. Detke

- 19:6-25
- 28:2-29:1
- 38:22-39:17
- 40:8-13
- 101:14-18
- 181:8-183:13

　　B.　　Dr. Hoog

- 69:12- 70:25
- 73:6-74:10
- 85:18-85:24
- 86:14-87:4
- 88:22-89:12
- 90:7-91:3
- 94:21-103:17
- 108:5-111:1
- 129:5-130:21
- 131:19-132:7
- 133:5-133:8
- 133:24-134:8

　　C.　　Dr. Perahia

- 112:8-115:11

D.  Dr. Wohlreich

- 60:10-61:6
- 65:10-66:2
- 72:14-72:18
- 73:9-73:17

## VI. Lilly's Motion *in Limine* To Exclude Evidence and Argument Relating to the Quarterwatch Publication

A.  Mr. Kuntz

- 68:3-68:7
- 68:14-68:24
- 70:6-71:9

B.  Dr. Perahia

- 219:2-220:11
- 220:12-224:11
- 239:1-239:15
- 240:9-244:4
- 245:9-245:16
- 245:17-245:23

C.  Dr. Wohlreich

- 368:5-374:19
- 376:8-381:6
- 381:23-383:18

Lilly notes that in certain instances, it has additional objections to particular designations beyond those that will be raised in a motion *in limine*. Where this is the case, Lilly has noted "MIL" in the transcript of the designation and in its written explanation, along with its

description and explanation of its additional, non-MIL objections. The parties respectfully request that the Court defer ruling on these objections as well. While disputes may remain following the Court's rulings on the motions *in limine* over these designations, the parties anticipate that they will be able to resolve many of them without burdening the Court based on the outcomes of the motions.

The parties also wish to notify the Court of a disagreement between the parties regarding the playing of depositions at any trial, and seek clarification from the Court on the procedure that should be followed.

<u>Plaintiffs' Position</u>: Plaintiffs' have agreed to allow Lilly's non-objectionable counter-designations to be played along with Plaintiffs' designations as part of the Plaintiffs' case (and vice-versa). The reasoning behind this approach is that counter-designations are necessary to understand those questions and answers already being played to the jury. Lilly, however, is also seeking to have its designations played during Plaintiffs' case-in-chief, even though these designations reflect questions that Plaintiffs would never ask the witness if they were to appear live. Plaintiffs do not believe this is appropriate. Plaintiffs should be allowed to put their own case before the jury during their case-in-chief, and Lilly should be permitted to so the same during its case-in-chief. Lilly should not, however, be allowed to inject testimony and evidence through Plaintiffs' case just because it is refusing to produce these witnesses live—all the witnesses with the exception of Matthew Kuntz are either an employee or paid consultant for Lilly.[1] Plaintiffs believe many of Lilly's designations are cumulative, irrelevant, and needlessly

---

[1] Indeed, Plaintiffs are not sure Lilly would be permitted to play *any* deposition testimony since it is unclear whether Lilly can meet the requirements of Fed. R. Civ. P. 32(a)(4)(B) and show that the absence of the witness was not "procured by the party offering the deposition[.]" Since Lilly controls these witnesses, arguably it should be forced, pursuant to Fed. R. Civ. P. 40, to make

time-consuming. The jury should know exactly who is wasting their time. More importantly, since all of the witnesses at issue are under the control of Lilly, if Lilly is concerned about playing video where Plaintiffs' counsel is asking the questions, it should simply make those witnesses appear live and ask the questions directly. Plaintiffs request that the Court relegate Lilly's deposition designations to its case-in-chief. Alternatively, if the Court permits Lilly to play its deposition designations during Plaintiffs' case-in-chief, then the Court should do so after Plaintiffs and after the jury is instructed that the designations are part of Lilly's case-in-chief, not Plaintiffs.

Lilly's Position: Lilly's position is that the depositions should be played based on the questioning attorney, i.e., portions of testimony that were elicited by plaintiffs' counsel should be played together first, followed by portions of testimony that were elicited by defense counsel, regardless of which party designated the testimony. This procedure will minimize confusion and avoid prejudice against Lilly by eliminating back-and-forth questioning by different counsel within Lilly's portion of the testimony. This is particularly significant in this case where Plaintiffs' trial counsel took the majority of the depositions that will be played to the jury and it would be confusing and prejudicial for questions asked by Plaintiffs' trial counsel to be played during Lilly's portion of the testimony.

In the alternative, Lilly requests that the following procedure take place: Plaintiffs play Plaintiffs' designations, including any Court-approved or agreed to counter-designations by Lilly for completeness or fairness purposes, in their case-in-chief. At the end of

---

them appear live at trial if it wants to present the witnesses' testimony. And considering Lilly opposed transferring this case to Indiana, where most of these witnesses reside, Lilly cannot credibly argue that it would be too expensive or time-consuming to make their own employees appear at trial.

that portion of the testimony, Lilly will inform the jury that its designations will then be played, and Lilly will play its designations, including any Court-approved or agreed to counter-designations by Plaintiffs for completeness or fairness purposes, during Plaintiffs' case-in-chief. This procedure addresses Plaintiffs' concerns regarding the jury understanding which party is responsible for designating particular testimony, although, for the reasons discussed above, it will force Lilly to present a non-consecutive video of the depositions that include questions asked by plaintiffs' counsel.

Lilly notes that under Plaintiffs' proposal, the jury would hear videotaped testimony from a witness during plaintiffs' case-in-chief, and then hear additional videotaped testimony (and much shorter testimony) from the same witness days later in Lilly's case-in-chief. Plaintiffs' proposal is therefore designed to lead to juror confusion and prejudice to Lilly.[2]

---

[2] Plaintiffs' argument regarding Lilly's control over the witnesses whose designations are at issue has no bearing on the order in which designations should be played to the jury. There is no dispute that both parties will be playing portions of the video-taped depositions and the witnesses are unavailable under Fed. R. Civ. P. 32(a)(4)(B).

DATED: July 15, 2015                    Respectfully submitted,

/s/ Jeffrey Todd Bozman
Jeffrey Todd Bozman (83679)
Michael X. Imbroscio (*pro hac vice*)
Phyllis A. Jones (*pro hac vice*)
Brett C. Reynolds (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, N.W.
Washington, DC 20001
Tel: (202) 662-5335
Fax: (202) 778-5335
jbozman@cov.com

*Counsel for Defendant Eli Lilly & Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of July, 2015, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Peter A. Miller
    Brielle Marie Hunt
    MILLER LEGAL LLC
    175 S. Pantops Drive, Third Floor
    Charlottesville, VA 22911
    Tel: (434) 529-6909
    Fax: (888) 830-1488
    pmiller@millerlegalllc.com
    bhunt@millerlegalllc.com

    R. Brent Wisner (*pro hac vice*)
    BAUM, HEDLUND, ARISTEI & GOLDMAN, P.C.
    12100 Wilshire Blvd., Suite 950
    Los Angeles, CA 90025
    Tel: (310) 207-3233
    Fax: (310) 820-7444
    rbwisner@baumhedlundlaw.com

    *Counsel for Plaintiffs*

Dated: July 15, 2015

    By: /s/Jeffrey Bozman
    Jeffrey T. Bozman (83679)
    COVINGTON & BURLING LLP
    One CityCenter
    850 Tenth Street, N.W.
    Washington, DC 20001
    Tel: (202) 662-5829
    Fax: (202) 778-5829
    jbozman@cov.com
    *Counsel for Eli Lilly and Company*